**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| DWIGHT E. COFER, Register No. 500767, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-4027-CV-C-NKL |
| ) | |
| LARRY CRAWFORD, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Dwight E. Cofer, currently on parole from the Missouri Department of Corrections, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Named defendants are Larry Crawford, Director, Missouri Department of Corrections (MDOC); Steve Long, Director and Chairman, Missouri Board of Probation and Parole; Yolanda Hutcheson, Records Custodian, MDOC; Phyllis Byland, Records Officer, MDOC; Bi Incorporated of Colorado; two John Does and two Jane Does.

Plaintiff seeks a class action. He claims he was placed on house arrest with electronic monitoring operated by defendant Bi Incorporated/Community Corrections Corporation. He states he was released on parole on conditional release, subject to special condition 10(2), electronic monitoring program. Plaintiff claims this special condition violates his constitutional rights.

Plaintiff has requested leave to proceed without paying the filing fee, pursuant to 28 U.S.C. § 1915. Under section 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated grounds. If appropriate, the court may impose a partial filing fee under L.R. 83.7. In re Williamson, 786 F.2d 1336 (8th Cir. 1986).

Plaintiff's affidavit indicates that he is indigent and currently unable to pay the full filing fee. Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the filing fee, the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The term "frivolous," as used in the statute, does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under section 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989). The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citation omitted).

Plaintiff appears to be claiming that his placement (and all Classes A and B felons) in the Missouri House Arrest Program as a condition of their respective parole or conditional release is in excess of Missouri statutory authority and Missouri Department of Corrections Institutional Policies and Procedures. Plaintiff alleges defendants' failure to follow state law and policy and procedure and to control the acts of other state personnel and agents in connection with the Missouri House Arrest Program violates his rights under 42 U.S.C. § 1983. Plaintiff alleges that as a result of his being improperly assigned to the House Arrest Program, he is being denied his constitutional freedoms, in violation of due process and equal protection rights. Plaintiff further alleges violation of his rights under the First, Fourth, Eighth and Fourteenth Amendments. He alleges that as a result of the fees imposed under the House Arrest Program, he is now in debt thousands of dollars and is subject to sanctions, including having parole or conditional release revoked, placed on intensive supervision, or other similar sanctions.

Despite plaintiff's assertions, he has no liberty interest in parole or conditional release under Missouri law. Dace v. Mickelson, 816 F.2d 1277, 1280-81 (8th Cir. 1987). See also

Adams v. Agniel, 405 F.3d 643, 645 (8th Cir. 2005); Johnson v. Missouri Bd. of Prob. and Parole, 92 S.W.3d 107, 113-14 (Mo. App. 2002) (Missouri statute does not create liberty interest in conditional release/parole). Without a liberty interest in parole or conditional release, neither does plaintiff have a liberty interest in the conditions imposed as a part of his grant of conditional release/parole.

Further, plaintiff has no liberty interest in the state following its own laws or procedures. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (citing Kennedy v. Blankenship, 100 F.3d 640 (8th Cir. 1996)). Thus, plaintiff's due process claims fail. Plaintiff's claims of violations of the First, Fourth and Eighth Amendments and equal protection have no basis.

IT IS, THEREFORE, RECOMMENDED that plaintiff's motion for leave to proceed in forma pauperis be denied and his claims be dismissed, pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 14th day of April, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3