## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| DWIGHT E. COFER, Register No. 500767, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-4027-CV-C-NKL |
| | ) | |
| LARRY CRAWFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On April 14, 2008, the United States Magistrate Judge William A. Knox recommended dismissing plaintiff's claims, pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim for which relief can be granted. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on May 7, 2008. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. Inmates do not have a liberty interest in conditional release. Greenholtz v. Inmates of Neb. Penal Corr. Complex, 442 U.S. 1, 7 (1979) ("there is no constitutional inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"). Inmates only have a constitutional liberty interest in conditional release if such an interest is created by state statute. Id. Missouri does not by statute create a liberty interest in conditional release. Adams v. Agniel, 405 F.3d 643, 644 (8th Cir. 2005); Johnson v. Missouri Bd. of Prob. & Parole, 92 S.W.3d 107, 113-14 (Mo. App. 2002); Dace v. Mickelson, 816 F.2d 1277, 1280-81 (8th Cir. 1987). Because Missouri inmates have no liberty interest in conditional release, they also have no liberty interest in any condition or conditions imposed as a part of their grant of conditional release. See Patterson v. Webster, 760 F. Supp. 150, 153 (E.D. Mo. 1991) (because no liberty interest in conditional release, no procedural protections attach to the conditions imposed by the Parole Board). Further, even if the condition imposed on plaintiff's parole violated state law or the

institutional policies and procedures of the Missouri Department of Corrections, plaintiff has no liberty interest in defendants following such state law, policies or procedures.  Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996)).  Plaintiff's allegation that his parole condition of house arrest violated his constitutional due process rights fails to state a claim.  The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of April 14, 2008, is adopted.  [3]  It is further

ORDERED that plaintiff's motion for leave to proceed in forma pauperis is denied and his claims are dismissed, pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim for which relief can be granted.

/s/_____

NANETTE K. LAUGHREY
United States District Judge

Dated:  May 28, 2008
Jefferson City, Missouri

2